IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORY W. DUNN,                                    Civil No. 08-6304-AA
                                                 OPINION AND ORDER
         Plaintiff,

    vs.

SAFEWAY, INC., a Delaware corporation,

         Defendant.
_____

Daniel W. Goff
Daniel W. Goff, P.C.
310 East 11th Avenue
PO Box 10956
Eugene, OR 97440
     Attorney for plaintiff

Ralph C. Spooner
Spooner and Much, P.C.
530 Center Street N.E., Suite 722
Salem, OR 97301
     Attorney for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff Cory W. Dunn ("Dunn") brings this action under 28 U.S.C. 1332 to recover damages resulting from his fall while shopping in a store owned by defendant Safeway, Inc. ("Safeway"). Defendant filed a motion for summary judgment (doc. 20). For the reasons explained below, defendant's motion is denied.

## STATEMENT OF THE FACTS

On July 3, 2006, at approximately 9:00 a.m., Dunn fell and injured himself while shopping in defendant's store. Earlier that morning, between 8:15 and 8:30 a.m, Cassanda Yarbor ("Yarbor") walked to the rear of defendant's store. While walking through the store, Yarbor saw a mop, a bucket, and standing water in the aisle displaying makeup and pantyhose products. (Aff. of Cassandra "Cassie" Yarbor, 1-2.) Yarbor noticed the standing water extended from the shelving approximately halfway into the aisle. Id. at 2.

At approximately 8:30 a.m., Tina Warstler ("Warstler"), an employee of defendant, walked down the aisle Dunn later fell in. Warstler observed the aisle was clear of any debris or liquid. (Aff. of Tina Warstler, 1.) Warstler punched a "sweep log," indicating the aisle was clear of any hazards. At approximately 9:00 a.m., Dunn entered the store and asked Shonna McKay ("McKay") to lead him to the razor aisle. Although neither Dunn nor McKay noticed anything on the floor prior to Dunn's fall,

Dunn slipped and fell to the floor.

After Dunn's fall, McKay noticed a clear substance, about the size of a quarter, on the floor. There were no broken containers or cleaning equipment in the area around Dunn's fall.

Michael K. Fine ("Fine) and Steven P. Sparks ("Sparks"), emergency medical technicians, responded to Dunn's fall. Sparks knelt in the aisle while attending to Dunn. Upon standing up, Sparks noticed liquid on his knee. (Aff. of Steven Patrick Sparks, 2.) Sparks described the liquid as a "very slippery...very soap like...opaque, white substance." Id. Sparks then noticed liquid on the floor, leading to the display rack. Id. Sparks later noticed the same liquid on the bottom of Dunn's shoe. Id. at 3.

Fine also noticed the liquid on the floor while attending to Dunn. (Aff. of Michael K. Fine, 2.) Fine recalled Dunn was laying on the floor of the aisle displaying "socks and leg garments for females." Id. Fine stated part of Dunn's body was laying on dry flooring while part of his body was in the white liquid. Id. Fine noticed the liquid extended from the shelving to Dunn. Id.

## STANDARD OF REVIEW

Summary Judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

3 - OPINION AND ORDER

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Substantive law on an issue determines the materiality of a fact. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

Substantive Oregon law governs this diversity action for personal injuries. Farina v. Mt. Bachelor, Inc., 66 F.3d 233, 235 (9th Cir. 1995). In Oregon, an invitee who slips on a foreign substance in an occupant's store must show that: 1) the

substance was placed there by the occupant; (2) the occupant knew the substance was on the floor and failed to remove it; or 3) the substance had been on the floor for such a sufficient amount of time that the occupant should have discovered and removed it. Van Den Bron v. Fred Meyer, Inc., 86 Or. App. 329, 331, 738 P.2d 1011, 1012 (1987).

In Van Den Bron, plaintiff slipped on a puddle of water in the produce section of the defendant's grocery store. Id. The court found that a jury could infer that the defendant placed the water on the floor due, in part, to evidence that defendant used hoses to keep the produce moist and there was a hose near the location of plaintiff's fall. Id. at 332, 1013.

Here, plaintiff satisfies the first Van Den Bron test by introducing evidence that defendant placed the foreign substance on the floor. Approximately 30-45 minutes prior to plaintiff's fall, Yarbor saw a mop, a bucket, and standing water in the aisle with the pantyhose displays. (Aff. of Cassandra "Cassie" Yarbor, 1-2.) Plaintiff eventually fell at or near the very location Yarbor saw the mop and standing water. (Aff. of Michael K. Fine, 2.) Additionally, Sparks noticed a soap-like substance under plaintiff. (Aff. of Steven Patrick Sparks, 2.) Given this evidence, a jury could reasonably infer that the foreign substance was spilled by one of defendant's employees in the course of mopping the floor. Thus, plaintiff meets the first Van

5 - OPINION AND ORDER

Den Bron test.[1]

Defendant argues that Yarbor's statement regarding the standing water, mop, and bucket fails to create a genuine issue of material fact because after Yarbor noticed the standing water, Warstler walked the aisle and noted the aisle was free of water. However, the fact that others - including Warstler, McKay, and Dunn himself - walked the aisle after Yarbor yet failed to notice a foreign substance on the floor does not imply that a jury must necessarily conclude that the standing water noticed by Yarbor was cleaned up prior to Dunn's fall. For example, the jury could determine that although the standing water was indeed on the floor, Dunn, McKay, and Warstler simply failed to notice it. Additionally, the jury could determine that the sweep log indicating the aisle was free of standing water does not mandate a determination that the aisle was actually free from standing water. In short, there is a genuine issue of material fact as to whether Safeway placed the foreign substance on the floor. If so, there is an additional question of fact as to whether the foreign substance was cleaned up prior to plaintiff's fall. Therefore, defendant's motion is denied.

## CONCLUSION

Defendant's motion for summary judgment (doc. 20) is denied.

---

[1] Because plaintiff has sufficiently met the first Van Den Bron test, there is no need to determine if the evidence is sufficient for the second or third tests.

Defendant's request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

Dated this 4 day of November 2009.

*Ann Aiken*
Ann Aiken
United States District Judge

7 - OPINION AND ORDER